UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:13-CV-00163-GNS-HBB

PROCOM HEATING, INC.                                                    PLAINTIFF

v.

GHP GROUP, INC.                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion for Summary Judgment of Non-Infringement of Certain Procom Patents filed by Defendant GHP Group, Inc. ("GHP"). (Def.'s Mot. for Summ. J. of Non-Infringement of Certain Procom Patents, DN 152 [hereinafter Def.'s Mot. for Summ. J.]). Fully briefed, the motion is ripe for adjudication.[1] For the reasons stated below, the Court **DENIES** the motion.

### I.      JURISDICTION

The Second Amended Complaint in this matter alleges, *inter alia*, patent infringement. (Am. Compl., DN 51). This Court has jurisdiction over patent infringement claims pursuant to 28 U.S.C. § 1338(a), which provides that "district court courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . ."

### II.     STANDARD OF REVIEW

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of any material fact that would preclude entry of judgment for the moving

---

[1] While Plaintiff has requested oral argument (DN 180), the Court finds that oral argument is unnecessary to address the merits GHP's motion.

party as a matter of law.  *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

"Summary judgment of non-infringement requires a two-step analytical approach." *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1304 (Fed Cir. 1999). In the first step, the Court must properly construe the claim "to determine its scope and meaning." *Carroll Touch, Inc. v. Electro Mech. Sys, Inc.*, 15 F.3d 1573, 1576 (Fed. Cir. 1993). In the second step, "the claim as properly construed must be compared to the accused device or process. A claim covers an accused device if the device embodies every limitation of the claim, either literally or by an equivalent." *Id.* (citations omitted).

### III.   DISCUSSION

The Second Amended Complaint filed by Plaintiff ProCom Heating, Inc. ("ProCom") alleges, *inter alia*, patent infringement by Defendant GHP Group, Inc. ("GHP"). (*See* Second Am. Compl., DN 157). ProCom asserts that GHP infringed eight of ProCom's patents ("the Patents in Suit").[2] All of the Patents in Suit pertain to ProCom's line of dual fuel ventless heaters. (Second Am. Compl. 3-9). The Court has previously construed the disputed claims of the Patents in Suit. (Claims Construction Mem. Op. & Order, DN 109).

The claims of the Patents in Suit having been construed, GHP moves now for summary judgment as to non-infringement of certain claims of the '007, '436, '447, '511, '765, and '878 patents. (Def.'s Mem. in Supp. of its Mot. for Summ. J. of Non-Infringement of Certain ProCom Patents 7-12, DN 153 [hereinafter Def.'s Mem. in Supp.]). GHP's argument as to all of the claims rests on the Court's construction of "a thermocouple," the Court's construction of "oxygen depletion sensor," and the application of those constructions to the claims on which GHP seeks summary judgment for non-infringement.

The Court has construed "a thermocouple" to mean one thermocouple. (Claim Construction Mem. Op. & Order 7). The Court construed "an oxygen depletion sensor" or "ODS" as "an arrangement of components that cooperate to provide a signal indicating oxygen depletion." (Claim Construction Mem. Op. & Order 8). The Court also held that, "[b]ecause the description of 'ODS' in both claims contains what the Court holds is 'one thermocouple,' it

---

[2] The patents ProCom alleges that GHP infringed are U.S. Patent No. 7,967,006 ("the '006 Patent"); U.S Patent No. 7,967,007 ("the '007 Patent"); U.S. Patent No. 7,434,447 ("the '447 Patent"); U.S. Patent No. 8,317,511 ("the '511 Patent"); U.S. Patent No. 7,730,765 ("the '765 Patent"); U.S. Patent No. 8,281,781 ("the '781 Patent"); U.S. Patent No. 8,516,878 ("the '878 Patent"); and U.S. Patent No. 8,764,436 ("the '436 Patent").

would be redundant to also include 'one thermocouple' in the definition of ODS." (Claim Construction Mem. Op. & Order 8).

GHP argues that because its allegedly infringing products contain two oxygen depletion sensor units, each with one thermocouple, rather than one thermocouple servicing the pilots for both fuel types, the products do not infringe ProCom's patents. (Def.'s Mem. in Supp. 9-10). ProCom argues in response that testing it performed showed that both the natural gas ("NG") and liquid propane ("LP") pilots direct heat to the same thermocouple, in this case the LP thermocouple.  Thus, ProCom argues, the infringing products have only one ODS unit with one thermocouple and two pilots. (Pl.'s Opp'n to Def.'s Mot. for Partial Summ. J. 17, DN 168 [hereinafter Pl.'s Opp'n]). GHP replies that the Court's definition of "'thermocouple' does not require that the allegedly infringing devices operate in every (or any) setting independently of any other thermocouple or not operate at the same time as or in tandem with any other thermocouple." (Def.'s Reply in Supp. of its Mot. for Summ. J. of Non-Infringement of Certain ProCom Patents 6, DN 177 [hereinafter Def.'s Reply]). It also notes that both thermocouples generate a current. (Def.'s Reply 7). It also argues that ProCom's testing was "fatally incomplete" and immaterial. (Def.'s Reply 7-9). Finally, it asserts that even ProCom's testing is complete and material, it does not show that the NG thermocouple is a "dummy." (Def.'s Reply 9-10).

GHP attached to its motion an affidavit from Dan Downing ("Downing"), Vice President for Development for GHP. (Downing Aff. 1, DN 153-1). Downing's affidavit includes a photograph of a portion of one of the allegedly infringing heaters. The photograph shows two burner nozzles arranged in a parallel manner, each directed toward one of two thermocouples, also arranged in a parallel manner that mirrors the burner nozzles. (*See* Downing Aff. 2).

4

Downing states in his affidavit that "[t]he natural gas ODS unit and the liquid propane ODS unit in the GHP Accused Products operate independently. The liquid propane pilot directs heat only to Thermocouple 1. The natural gas pilot directs heat only to Thermocouple 2." (Downing Aff. 3). In short, GHP argues, as to accused products, "each ODS unit is directed to a separate thermocouple, rather than the same thermocouple as is required by the claims." (Def.'s Mem. in Supp. 12).

ProCom offers in support of its argument two declarations from Stacy Clevenger ("Clevenger"), an engineering manager employed by ProCom, and from Stephen Manning ("Manning"), a senior product engineer employed by ProCom. (Clevenger Decl. 1, DN 168-5; Manning Decl. 1, DN 168-8). In his declaration, Clevenger states that his testing of one of GHP's allegedly infringing products, Model No. VFF-PH26D ("the test heater"), yielded several results: (1) under normal operating conditions in the pilot setting in LP mode, the LP thermocouple is heated sufficiently to keep the solenoid valve open; (2) under normal operating conditions in the "high" setting in LP mode, the LP thermocouple is heated sufficiently to keep the solenoid valve open; (3) under normal operating conditions in the pilot setting in NG mode, the LP thermocouple is heated sufficiently to keep the solenoid valve open; and (4) under normal operating conditions in the "high" setting in NG mode, the LP thermocouple is heated sufficiently to keep the solenoid valve open. (Clevenger Decl. 3-4). Clevenger concludes that "[b]ased on these results and the fact that the NG pilot produces no positive current when the Test Heater is in the LP mode, it appears that the NG thermocouple is unnecessary to the operation of the Test Heater." (Clevenger Decl. 5).

Manning participated in the tests completed by Clevenger. (Manning Decl. 2). Manning also conducted his own testing designed to discover under what conditions the test heater

shutdown due to unsafe oxygen levels. (Manning Decl. 4-5). Based on his testing, Manning concluded that "the NG thermocouple is unnecessary to the safe operation of the Test Heater as the LP thermocouple acts to properly shut down the unit in an oxygen depletion situation regardless of whether the unit is operating in LP or NG mode." (Manning Decl. 5).

GHP included with its reply a second affidavit of Downing. In it, Downing responds that "Clevenger and Manning did not disconnect the LP thermocouple to test whether the NG thermocouple would operate in NG mode without the LP thermocouple also operating." (Downing Aff. 1, DN 177-1 [hereinafter Downing Aff. II]). He also notes that this test would have "determine[d] if the NG thermocouple was able to keep the solenoid valve open without the LP thermocouple." (Downing Aff. II, 1-2).

The Court must view the evidence in the light most favorable to ProCom. *See Matsushita*, 475 U.S. at 586. In that light, ProCom has presented specific facts demonstrating that a genuine factual issue exists. Specifically, ProCom has raised a genuine issue of material fact concerning whether or not the accused products have two oxygen depletion sensors with one working thermocouple each, or if the accused products merely appear to have two working thermocouples, when in fact only one is functional. ProCom has provided enough evidence from Clevenger and Manning detailing their testing of one of the accused products, to create a genuine issue of material fact. To the extent that GHP argues that ProCom's testing is flawed or incomplete, a determination of the credibility of the witnesses that would offer evidence to that effect requires the decision of a jury, not this Court. Accordingly, the Court must deny GHP's motion.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment of Non-Infringement of Certain Procom Patents (DN 152) and Plaintiff's Motion for Oral Argument (DN 180) are **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**

June 27, 2016

cc:    counsel of record